IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHON E. SHULTZ,

      Plaintiff,

v.                                                      1:16-cv-00080-LF

ANDREW M. SAUL,[1] Commissioner
of the Social Security Administration,

      Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY FEES
PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER comes before the Court on plaintiff Jonathon E. Shultz's Motion for

Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum,

filed on May 6, 2020.  Doc. 35.  The Commissioner responded on May 14, 2020 and takes no

position on Mr. Shultz's request for $12,080.50 in attorney's fees under 42 U.S.C. 406(b).  Doc.

36.  Having reviewed the briefing, the record, and the applicable case law, and being otherwise

fully advised in the premises, I find the motion well taken and will GRANT it.

## I.    Procedural History

Mr. Shultz filed applications for supplemental security income ("SSI") and disability

insurance benefits ("DIB") in January of 2012.  AR 177–89.[2]  He alleged disability since May

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration ("SSA") on
June 17, 2019 and is automatically substituted as the defendant in this action.  FED. R. CIV. P.
25(d).

[2] Documents 12-1 through 12-15 comprise the sealed Administrative Record ("AR").  When
citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner
of each page, rather than to the CM/ECF document number and page.

29, 2010 due to a herniated lumbar disc and sciatica.  AR 39, 206.  The Social Security

Administration ("SSA") denied his claims initially on May 30, 2012.  AR 72–91.  The SSA

denied his claims on reconsideration on June 7, 2013.  AR 92–115.  Mr. Shultz requested a

hearing before an ALJ.  AR 136–38.  On August 5, 2014, ALJ Donna Montano held a hearing.

AR 36–71.  ALJ Montano issued her unfavorable decision on September 22, 2014.  AR 18–35.

On October 24, 2014, Mr. Shultz requested review of the ALJ's unfavorable decision by

the Appeals Council.  AR 17.  Mr. Shultz submitted additional evidence to the Appeals Council,

which the Appeals Council made part of the record.  AR 6.  On December 8, 2015, the Appeals

Council denied the request for review.  AR 1–7.  Mr. Shultz timely filed his appeal to this Court

on February 3, 2016.  Doc. 1.

Mr. Shultz filed his Motion to Reverse and Remand for Rehearing with Supporting

Memorandum on October 7, 2016.  Doc. 21.  On September 28, 2017, this Court granted his

motion, remanded the case, and entered a final judgment in favor of Mr. Shultz, finding that the

ALJ erred by failing to consult a medical advisor about the onset date of his disability.  Docs. 30,

31.  On January 2, 2018, Mr. Shultz filed an unopposed motion requesting $5,000.00 in

attorney's fees under the Equal Access to Justice Act ("EAJA'), which the Court granted.  Docs.

32, 33.

On remand, the ALJ issued a final administrative decision finding which was fully

favorable to Mr. Shultz.  Doc. 35-1 at 1–3 (finding Mr. Shultz's "impairment or combination of

impairments is so severe" that it met a Listing).  The SSA awarded Mr. Shultz $88,322.00[3] in

---

[3] Documents submitted by Mr. Shultz show that the SSA withheld 25% of his total past due
benefits, or $22,080.50.  Doc. 35-1 at 8.  The amount of back benefits is calculated from these
figures ($22,080.50 x 4 = $88,322.00).

back benefits.  *Id*. at 8.  The Commissioner withheld $22,080.50 from his past-due benefits to pay for attorney's fees.  *Id*.  Mr. Shultz's attorney was awarded $10,000.00 from the SSA for the work performed at the administrative level.  Doc. 35 at 5.  Ms. Johnson now asks the Court to award her $12,080.50 as attorney's fees for legal services rendered before this Court.  *Id*. at 1.

## II.    Standard

Section 406(a), title 42, United States Code, governs fees for representation at administrative proceedings, and § 406(b) governs fees for representation in court.  *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006).  "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court."  *Id.*  Attorneys representing Social Security claimants in court may seek fees for their work under both the EAJA and under § 406(b).  *Id.* at 497.[4]  If, however, the Court awards both EAJA fees and § 406(b) fees, counsel must refund the smaller amount to the claimant.  *Id.*

---

[4] The Tenth Circuit has explained:

> There are several differences between the two types of fees.  For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits.  *See* [*Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001)]; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1).  Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds."  *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994).  In that vein, an EAJA award is to the claimant, while counsel receives an SSA award.  *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits).  Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  SSA funds are not so conditioned.  42 U.S.C. § 406(b)(1).

Under 42 U.S.C. § 406(b)(1),

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

The 25% cap on fees applies only to fees for representation before this Court and is not an aggregate cap on all court-stage fees and agency-stage fees. *Culbertson v. Berryhill*, 139 S. Ct. 517, 518–19 (2019).

"The tenor of 406(b) is permissive rather than mandatory.  It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971).  Traditionally, an award of attorney's fees is a matter within the sound discretion of the court. *Id.*  "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney's fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by the reasonable hourly fee."  535 U.S. 789, 798–99 (2002).  The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793.  Courts should review fee arrangements "as an independent check, to assure that they yield reasonable

---

*McGraw*, 450 F.3d at 497.

results in particular cases." *Id.* at 807.  The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness.  *Id*.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808.  Factors relevant to the reasonableness of the fee request include:  (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case.  *See id*. at 808.  Ultimately, plaintiff's attorney has the burden of showing that the fee sought is reasonable.  *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").  A court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases.  *Id*. at 808.  The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b).  The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

### III.  <u>Analysis</u>

First, the Court finds that Ms. Johnson requested § 406(b) fees within a reasonable time. The ALJ issued his favorable decision on January 14, 2019, and the SSA mailed Mr. Shultz a "Notice of Award" on August 27, 2019.  Doc. 35-1 at 1–12.  On April 9, 2020, the SSA granted Mr. Armstrong $10,000 in 406(a) fees for representing Mr. Schultz before the agency.  Doc. 41 at 4; Doc. 41-1 at 25–26.  Ms. Johnson, who substituted for Mr. Armstrong in this case on April 24, 2020, filed her fee motion on May 6, 2020.  Docs. 34, 35.  The Court ordered supplemental

briefing on whether the motion was filed within a reasonable time, which Ms. Johnson provided. Docs. 39, 41.

Ms. Johnson argues that the fully favorable decision issued on January 14, 2019 did not indicate the amount of back pay or the amount withheld for attorney's fees. Doc. 41 at 3. This information was not received by plaintiff's attorney until the Notice of Award on August 27, 2019. *Id.* Ms. Johnson asserts that because this information was necessary for filing a 406(b) fee motion, the time between January 14, 2019 and August 27, 2019 should not be held against her. *Id.* The Court agrees and will not count this time against her. *See Harbert v. Astrue*, No. CIV-06-90-SPS, 2010 WL 3238958, at *1 n.1 (Aug. 16, 2010) (holding that fee petition "should be filed within a reasonable time of the issuance of the notice of award"); *see also Early v. Astrue*, 295 F. App'x 916, 919 n.2 (10th Cir. 2008) (unpublished) (finding no error where district court assessed reasonableness from the date of the notice of award).

Ms. Johnson next argues that a delay of "eight months and nine days" between the Notice of Award on August 27, 2019 and the date she filed her 406(b) fee motion, May 26, 2020, "is not unreasonable." Doc. 41 at 3. Ms. Johnson contends this delay resulted from her firm awaiting a decision on its motion for attorney fees under 406(a), which was pending before the Commissioner. *Id.* at 4. Ms. Johnson argues that "42 U.S.C. § 406(b) governs the total fee a claimant's attorney may receive for court representation," and that "any endeavor by the claimant's attorney to gain more than that fee, or to charge the claimant a noncontingent fee, is a criminal offense and the undersigned did not want to incur criminal charges if the fee granted under 406(a) added to the request under 406(b) equaled more than 25% of the past benefits." Doc. 41 at 4 (citing 42 U.S.C. § 406(b)(2); 20 C.F.R. § 404.1740(c)(2)). However, as explained above, the Supreme Court ruled in 2019 that "the 25% cap on fees [under 406(b)(1)] applies only

to fees for representation before this Court and is not an aggregate cap on all court-stage fees and agency-stage fees." *Culbertson*, 139 S. Ct. at 518–19.  Thus, the statute does not make the fees available to Ms. Johnson under 406(b) dependent on the fees awarded to her under 406(a).  The fee agreements in this case also do not make the 406(b) fees dependent on the 406(a) fees.  *See* Doc. 41-1 at 13–14 (fee agreements for work at agency level); Doc. 35-1 at 18 (fee agreement for work before the Court).[5]  Ms. Johnson acknowledges as much in her fee motion:

> Mr. Shultz and Michael Armstrong Law Office, LLC, entered into a separate contingent fee contract for legal services rendered before the federal Court wherein Mr. Shultz agreed that counsel could petition to charge a fee not exceeding the 25% fee cap imposed by § 406(b).  (Exhibit D, Fee Agreement Federal Court).  The requested fee for services for work on this case is $12,080.50 or approximately 13.68 % of the total past-due benefits awarded to Mr. Shultz, which is less than 25% of the total past due benefits that Mr. Shultz agreed counsel could charge for work at the federal Court level and to which the Firm, or in the alternative, Mr. Armstrong is entitled to charge under the relevant statute.

Doc. 35 at 5–6.  Thus, under both federal law and the fee agreements in this case, Ms. Johnson's 406(b) fees are not contingent on her 406(a) fees.  *See Early*, 295 F. App'x at 919 (court need not wait until the agency has paid out the § 406(a) fees before it may enter an order on § 406(b) fees).

It appears, however, to be this firm's practice to seek an aggregate 406(a) and 406(b) fee that totals no more than 25% of a claimant's back benefits.  *See e.g. Hewlett v. Berryhill*, 16cv347-LF, Doc. 28 (Oct. 16, 2018); *Armijo v. Saul*, 16cv1001-LF, Doc. 30 (Aug. 26, 2019);

---

[5] The Court notes that the fee agreement for work before the court has some ambiguous language.  The agreement states that the "agreement is in addition to any previous fee agreement I have signed with my attorney for representation before the Social Security Administration." Doc. 35-1 at 18.  However, the agreement also states that "[i]n **no event** will the attorney's fee that I am obligated to pay out of past-due benefits be greater than 25% of the past-due benefits awarded."  *Id*. (emphasis added).  Because it is absolute, the language "in no event" could be interpreted as a 25% aggregate cap on 406(a) and 406(b) fees.  However, because the total of both 406(a) and 406(b) fees sought by Ms. Johnson does not exceed 25%, the Court need not resolve this ambiguity.

*Jones v. Saul*, 15cv842-LF, Doc. 30 (Aug. 26, 2019).  The Court notes that the claimant in this case benefits from the attorney's request for less attorney's fees than she is potentially entitled to.  The Court further notes that the $5,000 of attorney's fees awarded to Mr. Shultz under the EAJA were subject to the Treasury Offset Program.[6]  Doc. 41-1 at 28.  Counsel's delay in filing her motion for 406(b) fees, therefore, did not delay any refund of the EAJA fee to Mr. Shultz.  The Court nonetheless is concerned that the delay of over eight months in filing the 406(b) fee motion verges on being excessive, especially without providing a more persuasive argument as to why the delay was necessary.  Nonetheless, based on the particular facts of this case, and because claimant was not harmed by the delay and the defendant does not oppose the motion, the Court will exercise its discretion to find the motion was filed within a reasonable time.

Second, the Court must determine whether the fee agreement meets the § 406(b)(1) guideline of not exceeding 25% of the past-due benefits.  The Court finds that it does.  Mr. Shultz signed a fee agreement on January 1, 2016, which states in part:

> If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by federal court in my case in which my attorney represented me, I agree to pay my attorney twenty-five percent (25%) of my and my family's past-due benefits. . . .

> I understand that the federal court may order the Social Security Administration to pay all or part of the attorney's fee and expenses, under a law named the Equal Access to Justice Act ("EAJA").  If an attorney's fee is awarded under the EAJA, this may lower the amount that I have to pay from my past-due benefits.  In no event will the attorney's fee that I am obligated to pay out of past-due benefits be greater than 25% of the past-due benefits awarded.

---

[6] "The Treasury Offset Program is a centralized offset program, administered by the Bureau of the Fiscal Service's Debt Management Services (DMS), to collect delinquent debts owed to federal agencies and states (including past-due child support), in accordance with 26 U.S.C. § 6402(d) (collection of debts owed to federal agencies), 31 U.S.C. § 3720A (reduction of tax refund by amount of the debts), and other applicable laws."  BUREAU OF THE FISCAL SERVICE, *What is the Treasury Offset Program*, available at https://fiscal.treasury.gov/top/how-top-works.html (last visited Sept. 22, 2020).

Doc. 35-1 at 18.

Third, having reviewed the particular facts of this case in light of the *Gisbrecht* factors, the Court finds Ms. Johnson's requested attorney's fees are reasonable.  The Armstrong Law Firm, LLC obtained a fully favorable outcome for plaintiff, and was not responsible for any appreciable delay in the resolution of the case.  Ms. Johnson's fee request of $12,080.50 is not disproportionately large in comparison to the amount of time spent on the case (29.17 hours, or $414.14 per hour, *see* Doc. 35 at 4, Doc. 35-1 at 13–16), and is in line with other awards in this district under § 406(b).  Thus, the Court's independent check finds the requested award to be both appropriate and reasonable.

**IT IS THEREFORE ORDERED** that the Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 35) is GRANTED.  Counsel is awarded $12,080.50 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing plaintiff before this Court.  The $5,000.00 in attorney's fees awarded to Mr. Shultz under the EAJA was subject to the Treasury Offset Program, and therefore cannot be refunded to him.  Doc. 41-1 at 28.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent